Bikaramjit SINGH, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 04–73776.

Agency No. A95–394–636.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 11, 2005.*

Decided Oct. 19, 2005.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Samuel Maina, Law Offices of S. Ouya Maina, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Anthony P. Nicastro, Esq., U.S. Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent.

Before T.G. NELSON, TALLMAN, and BEA, Circuit Judges.

### MEMORANDUM **

Bikaramjit Singh, a native and citizen of India, petitions for review of an order of the Board of Immigration Appeals summarily affirming the order of an immigration judge ("IJ") denying his applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review the IJ's decision as the final agency determination. *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 849 (9th Cir.2003). We review for substantial evidence any adverse credibility determination, *Chebchoub v. INS*,

257 F.3d 1038, 1042 (9th Cir.2001), and we deny the petition for review.

Substantial evidence supports the IJ's adverse credibility determination because the IJ identified material inconsistencies within Singh's testimony, as well as discrepancies between Singh's hearing testimony and statements he made at his asylum interview. *See Li v. Ashcroft*, 378 F.3d 959, 963 (9th Cir.2004) (IJ may reasonably conclude that sworn interview statement of respondent is a reliable impeachment source). Specifically, the IJ noted that Singh's inconsistent testimony regarding the duration of his detention and location of his arrests was material to his claim, and not adequately explained during proceedings. *See Chebchoub*, 257 F.3d at 1043 (discrepancies in testimony regarding circumstances of arrest and number of times arrested considered central to claim).

In the absence of credible testimony, Singh failed to show eligibility for asylum or withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003). As Singh relies on the same testimony to substantiate his CAT claim, and points to no additional evidence the IJ should have considered, that claim must also fail. *See id.* at 1157.

PETITION FOR REVIEW DENIED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.